# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD THOMAS KENNEDY,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 18-4414** |
| | : | |
| **JOSEPH F. LEESON,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                         **October 17, 2018**

Disappointed with federal judges's considered dismissals of his frivolous cases, Edward Thomas Kennedy *pro se* sues Judges Joseph F. Leeson, C. Darnell Jones II, Edward G. Smith, Gerald J. Pappert, Jeffrey L. Schmehl, and Chief Judge D. Brooks Smith.[1] He also moves for leave to proceed *in forma pauperis*.[2] We grant Mr. Kennedy leave to proceed *in forma pauperis* but dismiss his Complaint as these judicial officers acting within the scope of commissioned public servants are absolutely immune from suit by disappointed litigants.

## I.      Background

Mr. Kennedy is a frequent *pro se* litigant. The Clerk of Court assigned some of his recent cases to Judges Leeson, Jones, Smith, Pappert, and Schmehl. After careful consideration of each filing, the judges dismissed or closed these cases before allowing service of the complaints upon the defendants.[3] In other cases, Mr. Kennedy voluntarily dismissed his case. Mr. Kennedy's remaining cases are pending before either this Court or the United States Court of Appeals for the Third Circuit.[4]

Mr. Kennedy now pleads he is "summoning" the Judges "to answer and declare or swear under penalty of perjury the said in a plea of trespass, trespass on the case, trespass on the case-

vicarious liability, and failure to provide a republican form of government."[5] He claims the judges "exceeded their jurisdiction in complaints by [him] in this court of record [and] continued to assume the jurisdiction without proof of jurisdiction or any attempt at proof of jurisdiction."[6] Mr. Kennedy also claims that the Judges "violated their Code of Conduct."[7] According to him, "[a]bsolute judicial immunity is a myth."[8] He suggests that all of the Judges are "willing participant[s] in concert with each of the remaining defendants."[9] Mr. Kennedy claims the Judges "use nicknames and 'nickname' names that do not comply with US law . . . and are therefore 'fake.'"[10] Mr. Kennedy seeks declaratory relief and damages.[11]

## II.  Analysis

We grant Mr. Kennedy leave to proceed *in forma pauperis* as he has shown once again to be incapable of paying the fees to commence this civil action. Congress requires, in 28 U.S.C. § 1915(e)(2)(B)(i), we dismiss a Complaint filed with *in forma pauperis* status if the complaint "lacks an arguable basis either in law or in fact,"[12] including if it is "based on an indisputably meritless legal theory.[13]" We liberally construe Mr. Kennedy's *pro se* allegations.[14]

Judges are entitled to absolute immunity from civil rights claims and claims under state law based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[15] "Judicial immunity attaches even if the act was done in furtherance of a conspiracy."[16]

Mr. Kennedy is suing Judges Leeson, Jones, Smith, Schmehl, and Pappert based on their rulings in his previous cases. The basis for Mr. Kennedy's claims against Chief Judge Smith is unclear, although Mr. Kennedy is presumably basing his claims on the fact Chief Judge Smith serves on our Court of Appeals where Mr. Kennedy has appealed several of his dismissals. Mr. Kennedy's argument the judges acted without jurisdiction in dismissing his cases lacks a single

2

fact and is entirely baseless. As Mr. Kennedy sues all of the Judges for acts or omissions taken in their judicial capacity by dismissing his earlier cases, the judges are entitled to judicial immunity. There is no legal basis for Mr. Kennedy's lawsuit against them nor can there be relating to Orders dismissing his cases.[17]

### III. Conclusion

We grant Mr. Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice in the accompanying Order. Mr. Kennedy is not permitted to file an amended complaint because he cannot overcome judicial immunity based on the facts in this case.[18]

---

[1] ECF Doc. No. 2.

[2] ECF Doc. No. 1.

[3] *See Kennedy v. Commonwealth of Pa.*, No. 18-4310 (Schmehl, J.) (dismissing claims as malicious and dismissing claims asserted on behalf of others for lack of standing); *Kennedy v. Monsanto Co.*, No. 18-4086 (Schmehl, J.) (dismissing case for lack of subject matter jurisdiction); *Kennedy v. University of Notre Dame Du Lac*, No. 18-3747 (Jones, J.) (dismissing complaint with prejudice as legally baseless); *Kennedy v. Getz*, No. 18-3532 (Schmehl, J.) (dismissing complaint as malicious); *Kennedy v. Commonwealth of Pa.*, No. 18-3374 (Jones, J.) (dismissing claims brought under 42 U.S.C. § 1983 with prejudice and dismissing other claims without prejudice to proceeding in No. 18-977); *Kennedy v. Comm'r*, No. 18-257 (Leeson, J.) (dismissing complaint for lack of jurisdiction); *Kennedy v. Nester*, No. 17-4845 (Smith, J.) (case closed after notice of voluntary dismissal); *Kennedy v. Dent*, No. 17-4844 (Smith, J.) (case closed after notice of voluntary dismissal); *Kennedy v. Muldowney*, No. 17-4599 (Jones, J.) (dismissing case without prejudice after notice of voluntary dismissal); *Kennedy v. United States*, No. 17-4579 (E.D. Pa.) (Jones, J.) (dismissing case without prejudice after notice of voluntary dismissal).

[4] *See Kennedy v. Commonwealth of Pa.*, No. 18-4071 (Pappert, J.) (dismissing complaint for lack of standing and providing leave to amend, on appeal to our Court of Appeals); *Kennedy v. Romano*, No. 18-3648 (Smith, J.) (dismissing complaint for lack of subject matter jurisdiction and providing leave to amend); *Kennedy v. Jones*, No. 18-3442 (Smith, J.) (dismissing complaint for lack of subject matter jurisdiction and providing leave to amend); *Kennedy v. Comm'r of Soc. Sec.*, No. 18-2522 (Jones, J.) (motion to dismiss Social Security complaint pending); *Kennedy v. Hanna*, No. 18-977 (Jones, J.) (appeal to the United States Court of Appeals for the Federal

3

Circuit pending); *Kennedy v. Equifax*, No. 18-214 (Schmehl, J.) (various motions by the parties pending).

[5] ECF Doc. No. 1 at 1.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 3.

[10] *Id.* at 6.

[11] *Id.* at 6-7.

[12] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[13] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[14] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[15] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam); *Feingold v. Hill*, 521 A.2d 33, 36, 360 Pa. Super. 539, 545 (1987) (citations omitted).

[16] *Harvey*, 505 F. App'x at 90 (citing *Dennis v. Sparks*, 449 U.S. 24, 26-27 (1980)).

[17] We cannot discern another basis for a non-frivolous claim against the Judges.

[18] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).